IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH MAGGIO & DARCY MAGGIO, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:22-cv-01535 |
| vs. | § § | |
| LIBERTY INSURANCE CORPORATION, | § § § | |
| Defendant. | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a) and Local Rule 81(a), Defendant Liberty Insurance Corporation ("Liberty" or "Defendant") files this Notice of Removal, hereby removing this action from the 298th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiffs Kenneth Maggio & Darcy Maggio ("Plaintiffs") and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully shows the Court as follows:

## I.
## INTRODUCTION

This lawsuit arises out of Plaintiffs' claim for damage caused by Winter storm Uri to residential property located at 1803 Driskill Drive, Irving, Texas 75038 under a homeowners insurance policy issued by Defendant. In their Original Petition, Plaintiffs assert claims against Defendant arising out of Defendant's handling of Plaintiffs' insurance claim. On May 25, 2022, Plaintiffs filed their Original Petition in the 298th Judicial District

Court of Denton County, Texas, naming Liberty as the sole defendant. Defendant was served with a citation and a copy of Plaintiffs' Original Petition on July 15, 2022 through its registered agent for service of process. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of Plaintiffs' Original Petition on Defendant and is thus timely filed under 28 U.S.C. §1446(b). As explained below, removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

**A.   THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. §1332(a). Plaintiffs are individuals domiciled in Dallas County, Texas. *See* Plaintiffs' Original Petition, Exhibit C, ¶ 2. In addition, Plaintiffs own the subject property in Texas, and have designated their Texas Property as their Homestead for a property tax exemption. *See* **Exhibit D**. Thus, for diversity purposes, Plaintiffs are citizens of Texas. Defendant is a corporation organized under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts. For diversity purposes, Defendant is a citizen of Illinois and Massachusetts. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

There are two ways a defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). First, a defendant can establish that the amount in controversy exceeds $75,000.00 by demonstrating that it is "facially apparent" from the

petition at issue that the claim likely exceeds $75,000.00. *See Tovar v. Target Corp.*, 2004 WL 2283536, at *1 (W.D. Tex. Oct. 7, 2004) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, a defendant can demonstrate that the amount in controversy exceeds $75,000.00 by setting forth the facts in controversy in the removal petition. *See id*.

First, Defendant can demonstrate that it is facially apparent from Plaintiffs' Original Petition that the amount in controversy exceeds $75,000.00 because Plaintiffs have specifically pled that they seek "monetary relief over $100,000.00, but less than $500,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs." *See* Plaintiffs' Original Petition at ¶ 4.

Defendant can also carry its burden by demonstrating that the amount in controversy exceeds the $75,000.00 by setting forth the facts in the removal petition. "[T]he [C]ourt may rely on summary judgment-type evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks omitted). One such type of summary judgment evidence is a pre-suit demand letter. *Gutierrez v. Allstate Texas Lloyd's*, 2017 WL 3274358, at *2 (S.D. Tex. Jan. 1, 2017).

On or about November 15, 2021, Plaintiffs served a pre-suit demand letter pursuant to the Texas Insurance Code in which they set forth a demand totaling $142,190.98, which included $1,000 in attorneys' fees. *See* **Exhibit E**. Accordingly, it is clear from Plaintiffs' pre-suit demand that the amount in controversy exceeds $75,000.00 and this Court has jurisdiction.

## III.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 81(c), filed concurrently with this Notice of Removal is a completed civil cover sheet, a certified copy of the state court docket sheet, the pleadings filed in state court, a jury demand, and a list of all parties and attorneys involved in the case. The following exhibits are attached:

- **Exhibit A**: Index of all documents filed in the state court action.

- **Exhibit B**: Denton County Civil Case Information Sheet.

- **Exhibits C through C-4**: A copy of each pleading filed in the state court action.

- **Exhibit D**: Dallas County Appraisal District property information sheet.

- **Exhibit E**: Plaintiffs' pre-suit demand.

Pursuant to 28 U.S.C. §1446(d), Defendant will serve written notice of the filing of this Notice of Removal on all adverse parties and will file a true and correct copy of this Notice of Removal with the Court Clerk of the 298th Judicial District Court of Dallas County, Texas, promptly after the filing of same.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendant Liberty Insurance Corporation respectfully requests that the above-styled action now pending in the 298th Judicial District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. Defendant requests all such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
COLIN BATCHELOR
State Bar No. 24043545
SALINA A. KABANI
State Bar No. 24067484

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail:  colin.batchelor@tb-llp.com
E-mail: salina.kabani@tb-llp.com

**ATTORNEYS FOR DEFENDANT
LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, on July 15, 2022, a true and correct copy of the above and foregoing instrument was served *via ECF* upon:

**ATTORNEYS FOR PLAINTIFFS**
Shaun Hodge
SBN 24052995
Racchel Cabrera
Texas Bar No. 24109093
Hodge Law Firm PLLC
The Heritage Runge House
1301 Market Street
Galveston, Texas 77550
Telephone: 409.762.5000
Facsimile 409.763.2300
Email: shodge@hodgefirm.com
         rcabrera@hodgefirrn.com

*/s/ Colin Batchelor*
COLIN BATCHELOR